**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| **CHRISMAN MILL FARMS, LLC**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BRIAN R. BLAZER**<br>**D/B/A CARPENTER BEE SOLUTIONS**<br><br>**Defendant.** | **Case No.**<br><br>**Filed via ECF** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Chrisman Mill Farms, LLC (hereafter sometimes referred to as “Plaintiff” or “Chrisman Mill Farms”), through counsel, brings this action against Defendant, the Brian R. Blazer (hereafter sometimes referred to as “Blazer” or “Carpenter Bee Solutions” or “Defendant”) and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action seeking a declaration of non-infringement and invalidity of United States Patent No. 8,375,624 (“the ‘624 patent”) attached as Exhibit A.

2. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of the ‘624 patent. A judicial determination that the claims of the ‘494 patent are invalid and that the Plaintiff has not infringed any valid claim of the ‘624 patent is necessary and appropriate at this time so that the Plaintiff may ascertain its rights and duties with respect to the ‘494 patent.

3. This action arises out of the Defendant’s threat of legal action against Chrisman Mill Farms, LLC for the alleged infringement of Blazer’s patent rights for a Carpenter Bee Trap and for

threatened interference with any attempt to market the product.

## PARTIES

4. Plaintiff, Chrisman Mill Farms, is a limited liability company organized under the laws of the Commonwealth of Kentucky and operating from its principle place of business at 2700 Chrisman Mill Road, Nicholasville, KY 40356.

5. Chrisman Mill Farms is a manufacturer of carpenter bee traps and was a licensee under the ‘624 patent until December 31, 2016.

6. Defendant, Brian R. Blazer, is the assignee of the ‘624 patent and does business as Carpenter Bee Solutions at 230 County Road 880, Heflin, AL 36264.

## JURISDICTION AND VENUE

7. This Complaint arises under the Patent Laws of the United States of American, 35 U.S.C. § 1 et seq.

8. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Blazer because Blazer (a) maintains regular and systematic business contacts with the Commonwealth of Kentucky and within this judicial district and division; (b) Blazer purposely, regularly, and continuously conducts business in the Commonwealth of Kentucky and within this judicial district and division, (c) Blazer purposefully directs its activities at residents of the Commonwealth of Kentucky; (d) the causes of action set forth herein arises out of or relates to Blazer’s activities within the Commonwealth of Kentucky; and (e) the exercise of jurisdiction over Blazer will not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events occurred in this judicial district, the Defendant sells products in this judicial

district, and the Defendant's allegations of patent infringement, threats of litigation, and threats of tortious interference with existing and prospective business relationships were communicated to the Plaintiff in this jurisdiction.

11. This Court is authorized to grant a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as implemented through Federal Rule of Civil Procedure 57.

12. This Court is authorized to grant Chrisman Mill Farms prayer for relief regarding costs, including a reasonable attorney's fee, pursuant to 35 U.S.C. § 285.

## RELEVANT FACTS

13. Blazer is an inventor of record for the '624 patent.

14. Blazer does business as Carpenter Bee Solutions in Heflin, AL.

15. Carpenter Bee Solutions is the assignee of record at the United States Patent and Trademark Office for the '624 patent. See Exhibit B.

16. The Plaintiff's license under which it manufactured and sold its previous model of carpenter bee traps (see Exhibit C) under the '624 patent was terminated by Blazer on December 31, 2016.

17. The Plaintiff has developed a carpenter bee trap and shared drawings of the product with the Plaintiff along with a construction of claim 1 which demonstrates that the current product does not infringe the '624 patent. See Exhibit D.

18. The Defendant alleges, via text message, that the Plaintiff's old and new carpenter bee trap models infringe the '624 patent and has threated to file a patent infringement lawsuit in the federal court in Alabama. See Exhibit E.

## CAUSES OF ACTION

### COUNT 1
### Declaratory Judgment of Non-infringement of the '624 Patent

19. The Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth

herein.

20. The Defendant purports to the be assignee and owner of the '624 patent.

21. The Defendant has communicated to the Plaintiff that Chrisman Mill Farms' previous and current models of a carpenter bee trap infringe the '624 patent and has indicated that he intends to file suit seeking treble damages for willful infringement.

22. The Plaintiff does not and has never made, used, offered to sell, sell, or import any product that infringes any valid and enforceable claim of the '624 patent within the United States of America, either directly, indirectly, jointly, or otherwise and has not induced others to infringe.

23. The Plaintiff's previous model of carpenter bee trap does not infringe the claims of the '624 patent because it does not possess a means to shelter the entrance to the hole leading into the trap from ambient light.

24. The Plaintiff's current model of carpenter bee trap does not infringe the claims of the '624 patent because it does not possess a means to shelter the entrance to the hole leading into the trap from ambient light.

25. A judicial declaration is necessary to resolve this controversy.

26. The Plaintiff requests a declaratory judgment that it does not and has not infringed nor induced others to infringe any valid and enforceable claim of the '624 patent.

## COUNT 2
## Declaratory Judgment of Invalidity

27. The Plaintiff hereby incorporates each of the foregoing paragraphs as if fully set forth herein.

28. The Defendant purports to the be assignee and owner of the '624 patent.

29. The Defendant has communicated to the Plaintiff that the Chrisman Mill Farms previous and current models of a carpenter bee trap infringes the '624 patent and has indicated that he intends

to file suit.

30. The claims of the ‘624 patent are and have always been invalid and void on the grounds that the purported invention, attempted to be patented by Blazer, fails to meet the conditions of patentability specified in Title 35 U.S.C. §§ 101, 102, 103, and/or 112 of the code.

31. A judicial declaration is necessary to resolve this controversy.

32. The Plaintiff is entitled to a declaratory judgment that each of the claims of the ‘624 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests a trial by jury and prays that the Court enter a judgment as follows:

1. A declaratory judgment by this Court that the Plaintiff has not infringed any valid and enforceable claim of the ‘624 patent;

2. A declaratory judgment by this Court that the claims of the ‘624 patent are invalid;

3. A finding by this Court that this case is exceptional under the 35 U.S.C. § 285 and that an award to Chrisman Mill Farms, LLC for their costs of suit, including reasonable attorney’s fees, costs, and expenses as provided by law is appropriate; and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ James M. Francis

James M. Francis
Francis Law Firm
2333 Alexandria Dr.
Lexington, KY 40504
Phone: (859) 519-0755
Fax: (859) 201-1315
jim@francis-law.com
Counsel for Chrisman Mill Farms, LLC