UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| **CHRISMAN MILL FARMS, LLC**<br><br>    **Plaintiff,**<br><br>v.<br><br>**BRIAN R. BLAZER**<br>**D/B/A CARPENTER BEE SOLUTIONS**<br><br>    **Defendant.** | **Case No. 5:17-cv-0011-DCR**<br><br><br><br>**Filed via ECF** |

**REPLY TO DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

COMES NOW the Plaintiff, Chrisman Mill Farms, LLC, by and through counsel, to provide a Reply to the Defendant's Supplemental Response to the Motion for a Temporary Restraining Order and Preliminary Injunction.

Plaintiff acknowledges that Defendant's reissue application 14/625,478 contains a new broadening independent claim 13 as follows:

> A trap entrance unit formed of wood or a wood substitute, wherein at least one side of the trap entrance unit has at least one entrance hole that extends from outside the trap entrance unit to an interior of the trap entrance unit, wherein the at least one entrance hole extends substantially horizontally or at an upward angle with a size and shape configured to provide a primary attractant for carpenter bees, and wherein the trap entrance unit further comprises an exist opening for providing an exit path from the interior of the trap entrance unit; and a receptacle adapter located at the exit opening of the trap entrance unit, wherein the receptacle adapter is adapted to receive at least one receptacle and is adapted so as to allow at least some ambient light to enter the interior of the trap entrance unit via the exit opening, thereby providing a secondary attractant for carpenter bees.

Plaintiff further acknowledges that the Defendant is correct in indicating that the "means to shelter the entrance to said hole…" language of claim 1 of the '624 Patent is not included in the new claim 13. However, because the narrowing "means to shelter the entrance to said hole…" language was added by examiner's amendment as the result of a telephonic conference with inventor Bradley Blazer on 9/4/2012 (Exhibit A), Blazer surrendered all matter that excluded a "means to shelter the entrance to said hole…" and is prohibited from reclaiming the excluded matter under 35 U.S.C. § 251, i.e. the statutory basis for the recapture rule for reissue patent applications, because the narrowing was not an "error" as required under the statute, but an affirmative act of surrendering matter. "Unless the claims are materially narrowed in a way that avoids substantial or whole recapture of the surrendered subject matter, the surrendered subject matter has crept into the reissue claims and they are barred under the recapture rule." *In re Youman*, 679 F.3d 1335, 1339 (Fed. Cir. 2012); *see also* MPEP 1412.02, attached as Exhibit B.

Prior to the Examiner's Amendment of 10/19/2012, claim 1 of the '624 Patent did not contain the "means to shelter the entrance to said hole…" language. That language was contained in dependent claim 11 and was introduced into claim 1 to achieve patentability. Exhibit C.

Simply put, the USPTO is in error and the new broadened claims of the reissue are invalid under the recapture rule.

April 13, 2017  Respectfully submitted,

                                                 s/ James M. Francis
                                                 James M. Francis
                                                 Francis Law Firm
                                                 2333 Alexandria Dr.
                                                 Lexington, KY 40504
                                                 Phone: (859) 519-0755
                                                 Fax:    (859) 201-1315
                                                 jim@francis-law.com
                                                 *Counsel for Chrisman Mill Farms, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2017, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following counsel.

Joseph J. Gleason
Gleason Law, LLC
780 Morosgo Drive
#14084
Atlanta, GA 30324
*Counsel for Brian Blazer*

Christoper T. Smedley
Jeremy Maynard
Todd Stockwell
Stockwell & Smedley, PSC
961 Corporate Drive, Ste 200
Lexington, KY 40503
*Counsel for Brian Blazer*

       s/ James M. Francis
James M. Francis
Francis Law Firm
2333 Alexandria Dr.
Lexington, KY 40504
Phone: (859) 519-0755
Fax:    (859) 201-1315
jim@francis-law.com
*Counsel for Chrisman Mill Farms, LLC*